## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUAN DIAZ**, on behalf of himself
and all others similarly situated,

      Plaintiff,

   v.

**CARNEGIE VALET CLEANING
CORP.**, **CARNEGIE LINEN SERVICES,
INC.**, **CARNEGIE HOTEL CLEANERS
LTD.**, **DANIELLE UNIFORM
MAINTENANCE INC.**, New York
corporations; and **GARY PERLSON** and
**ERIC SCHWEITZER**, individuals,

      Defendants.

**Docket No.: 1:17-cv-6402**

**COLLECTIVE/CLASS ACTION
COMPLAINT AND JURY DEMAND**

## COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff JUAN DIAZ, by and through his attorneys, THE JTB LAW GROUP, LLC, alleges of his own knowledge as to his conduct and observations, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.  This collective/class action arises out of the persistent and willful failure of Defendants CARNEGIE VALET CLEANING CORP. ("Carnegie Valet") and the other Defendants named herein to properly compensate Plaintiff JUAN DIAZ, a former employee of Defendant Carnegie Valet, and all other similarly situated persons who are or were employed by Defendants during the timeframes relevant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Wage and Hour Laws, N.Y. Labor Law Article 6

§§ 190 *et seq.,* Article 19 §§ 650 *et seq.,* ("NYLL") and related sections of the New York Codes, Rules, and Regulations ("NYCRR").

2.      Plaintiff was employed by Carnegie Valet, located at 874 E. 139th St., Bronx, New York, 10454, where he laundered restaurant linens and uniforms.

3.      At all relevant times, CARNEGIE LINEN SERVICES, INC. ("Carnegie Linen"), CARNEGIE HOTEL CLEANERS LTD. ("Hotel Cleaners"), and DANIELLE UNIFORM MAINTENANCE INC. ("Danielle") (together, with Carnegie Valet, the "Corporate Defendants") were also located at that address, and shared management and ownership, as well as payroll and personnel functions.

4.      Defendants misclassified Plaintiff Diaz and others similarly situated as exempt from the overtime protections of the FLSA and the NYLL, and thereby violated those statutes by:

     a.   not paying employees time-and-a-half for time worked in excess of forty hours each week;

     b.   not paying employees one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten;

     c.   not providing employees, within ten business days of the commencement of their employment, a written notice, in English and Spanish, containing the information enumerated in NYLL § 195(1)(a); and

     d.   not providing employees, with every payment of wages, accurate statements listing the dates of work covered by that payment of wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, the number of overtime hours worked; their gross wages; and the other information required under NYLL § 195.3.

5.      By reason of Defendants' persistent and willful violations of the FLSA and the NYLL, employees were and are illegally underpaid for their work.

6.      Plaintiff brings this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees and expenses, as a result of Defendants' willful violation of the FLSA and NYLL.

7.      Plaintiff also asserts FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policy of failing to pay their employees appropriate overtime compensation.

8.      Plaintiff also asserts NYLL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policies of failing to pay their employees overtime and/or "spread of hours" compensation, and failing to provide the notices required under NYLL § 195.

9.      Plaintiff also asserts an individual claim for wages owed for his last ten days of employment by Defendant Carnegie Valet.

10.     For at least six years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

12.     As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiff*

14.     At all relevant times, Plaintiff Juan Diaz was, and currently is, a resident of Bronx County, State of New York.

15.     Plaintiff Diaz worked for Defendants from approximately May 5, 2014 until approximately November 29, 2016.

16.     Plaintiff Diaz brings these claims as a representative of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b) and a similarly situated class under Fed. R. Civ. P. 23 and the NYLL. His written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

17.     Plaintiff Diaz's primary language is Spanish.

*Defendants*

18.     Defendant Carnegie Valet is a business corporation organized and existing under the laws of the State of New York, with a principal place of business at 874 E. 139th St., Bronx, New York, 10454.

19.     Defendant Carnegie Valet shares facilities at this location with the other Corporate Defendants – Carnegie Linen, Hotel Cleaners, and Danielle – all of which are also business corporations organized and existing under the laws of the State of New York.

20.     On information and belief, Individual Defendant Gary Perlson is an owner and the Chief Executive Officer of all the Corporate Defendants.

21.     Defendants Carnegie Valet and Hotel Cleaners may be served with process at 2291 Second Avenue, New York, New York, 10035.

22.     Defendant Carnegie Linen may be served with process at 874 E. 139th St., Bronx, New York, 10454.

23.     Defendant Danielle may be served with process at 100 Merrick Road, Rockville Centre, New York, 11570, c/o Harris Schoffer, CPA.

24.     On information and belief, Defendant Eric Schweitzer is the Chief Executive Officer of Defendant Carnegie Linen.

25.     At all relevant times, Defendants Gary Perlson and/or Eric Schweitzer (together, the "Individual Defendants") possessed operational control over each and every Corporate Defendant; possessed ownership interests in each and every Corporate Defendant; and/or controlled significant business functions of each and every Corporate Defendant.

26.     At all relevant times, either or both Individual Defendants had the authority to hire and fire employees of each and every Corporate Defendant, including Plaintiff; determined the wages and compensation of Plaintiff and other employees of each and every Corporate Defendant; established their schedules; and maintained their records.

27.     At all relevant times, Defendants have had two or more employees who handled and/or used goods or materials that have been moved or produced for commerce.

28.     On information and belief, at all relevant times, Defendants, individually and/or jointly, have had annual gross revenues of more than $500,000.

29.     Inasmuch as the allegations herein concern violations that occurred at the business location shared by all Corporate Defendants, whichever persons and/or entities that owned and operated that location and/or any of those Corporate Defendants during all relevant time periods – should discovery reveal that it was a person or entity other than Defendants – are hereby on

notice of Plaintiff's intention to add FLSA and NYLL claims against such person(s) or entity(ies), to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

*Defendants Constitute A Single Integrated Enterprise*
*That Jointly Employed Plaintiff And All Similarly Situated Individuals*

30.    Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

31.    At all relevant times, either or both Individual Defendants have owned and/or operated the Corporate Defendants.

32.    At all relevant times, Defendants' operations have been interrelated and unified.

33.    At all relevant times, the Corporate Defendants have shared a common management, and have been centrally controlled and/or owned by the Individual Defendants.

34.    At all relevant times, the Individual Defendants have centrally controlled the labor and employment relations of the Corporate Defendants.

35.    At all relevant times, the Individual Defendants have maintained one central payroll office, and have imposed and enforced common employee guidelines and procedures of the Corporate Defendants.

36.    At all relevant times, the Individual Defendants have maintained control, oversight, and direction over Plaintiff and all other similarly situated employees of the Corporate Defendants, including timekeeping, payroll, and other practices and policies that applied to them.

37.    At all relevant times, the Individual Defendants have applied the same employment policies, practices, and procedures to all the non-exempt employees of all Corporate Defendants, including the policies, practices, and procedures complained of herein.

38.    At all relevant times, Defendants have constituted a single integrated enterprise that employed Plaintiff and all similarly situated individuals.

39.     In the alternative, at all relevant times, Defendants have been associated and joint employers of Plaintiff and all other similarly situated employees of all Corporate Defendants, within the meaning of the FLSA and the NYLL.

40.     At all relevant times, Defendants acted in the interests of each other with regard to their employees, paid their employees by the same methods, and shared control over their employees.

41.     At all relevant times, Defendants have:

    a.  exercised or delegated the authority to hire and fire Plaintiff and other similarly situated employees;

    b.  supervised and controlled the work schedules of Plaintiff and other similarly situated employees;

    c.  determined the rate and method of payment for Plaintiff and other similarly situated employees; and

    d.  maintained time and payroll records pertaining to Plaintiff and other similarly situated employees.

*Plaintiff Diaz's Employment By Defendants*

42.     Plaintiff Diaz began working for Defendants on or about May 5, 2014.

43.     Defendants never provided Plaintiff Diaz a written notice, in English and Spanish, containing the information enumerated in NYLL § 195(1)(a).

44.     Plaintiff Diaz worked for Defendant Carnegie Valet, laundering the uniforms and other linens of Carnegie Valet's restaurant-clients.

45.     Defendants classified Plaintiff as exempt from overtime.

46.     Defendants never articulated to Plaintiff a basis for the exemption from overtime.

47.     While employed by Defendants, Plaintiff Diaz did not perform any job duties typical of exempt employees.

48.     Plaintiff Diaz performed only job duties typical of non-exempt employees.

49.     Plaintiff Diaz primarily performed duties that are considered manual labor.

50.     Diaz laundered uniforms and table linens.

51.     Plaintiff Diaz generally was scheduled to work seven days per week, from 5:00 a.m. until 5:00 p.m.

52.     Diaz and his fellow workers were expected to be at work at least 15 minutes before the start of their shifts; otherwise, they would be marked tardy. Accordingly, Diaz was generally required to be at work by 4:45 a.m.

53.     Thus, in a regular workweek, Diaz was at work for 85.75 hours.

54.     Diaz often worked late, sometimes until 7:00 p.m. or even 8:00 p.m. For instance, during the week of July 14 to July 20, 2014, Diaz worked a total of 88.7 hours – in only six days. *See* **Exhibit B** ("Time Card Report" for that week).

55.     Diaz was paid $1,000 per week, so long as he worked at least 85.75 hours.

56.     Diaz was not paid an additional amount for any time that he worked beyond these 85.75 hours.

57.     Diaz was not paid time-and-a-half for the time that he worked each week in excess of 40 hours.

58.     Diaz was not paid an additional hour at minimum wage on the days that his "spread of hours" exceeded ten hours – which was virtually every workday.

59.     Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff Diaz time-and-a-half for hours worked in excess of forty each week.

60.     Defendants knew or should have known that they were obligated under the NYLL and the NYCRR to pay Plaintiff Diaz one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten.

61.     Defendants knew or should have known that they were obligated to provide Plaintiff Diaz, with every payment of wages, an accurate statement listing the dates of work covered by that payment of wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, the number of overtime hours worked; his gross wages; any deductions; allowances, if any, claimed as part of the minimum wage; net wages; and the other information required by NYLL § 195.3.

62.     Plaintiff's last day of work for Defendant Carnegie Valet was on or about November 29, 2016. He has never been paid at all for his final ten days of work.

## COLLECTIVE AND CLASS ALLEGATIONS

63.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

64.     During the time Plaintiff was employed by Defendant Carnegie Valet, other individuals were also employed in non-exempt positions by the Corporate Defendants.

65.     Like Plaintiff, some of these other employees would sometimes work over forty hours per week.

66.     Like Plaintiff, some of these other employees would sometimes work days in which their spread of hours exceeded ten.

67.     Like Plaintiff, these other employees were not paid time-and-a-half for overtime, nor were they paid spread-of-hours pay.

68.     At all relevant times, Plaintiff and other persons employed by Defendants in non-exempt positions were and are similarly situated, in that they were and are subjected to

Defendants' common policies of: failing to pay their non-exempt employees time-and-a-half for all hours worked in excess of forty as required under the FLSA and the NYLL; failing to pay their non-exempt employees one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten, as required under the NYLL; failing to provide to their non-exempt employees, within ten business days of the commencement of their respective employments, a written notice containing the information enumerated in NYLL § 195(1)(a); and/or failing to provide to their non-exempt employees, with every payment of wages, written statements containing the information required by NYLL § 195(3).

69.     Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other current and former non-exempt employees of Defendants within the applicable statutory period.

70.     The proposed FLSA Collective is defined as:

**All non-managerial employees of CARNEGIE VALET CLEANING CORP., CARNEGIE LINEN SERVICES, INC., CARNEGIE HOTEL CLEANERS LTD., DANIELLE UNIFORM MAINTENANCE INC., GARY PERLSON and/or ERIC SCHWEITZER at any time within the three years prior to the filing of this Complaint.**

71.     Plaintiff brings his NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the NYLL, on behalf of himself and all other current and former non-exempt employees of Defendants within the applicable statutory period.

72.     The proposed Rule 23 Class is defined as:

**All non-managerial employees of CARNEGIE VALET CLEANING CORP., CARNEGIE LINEN SERVICES, INC., CARNEGIE HOTEL CLEANERS LTD., DANIELLE UNIFORM MAINTENANCE INC., GARY PERLSON and/or ERIC SCHWEITZER at any time within the six years prior to the filing of this Complaint.**

73.     This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

74.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that at least 40 class members have worked for Defendants during the applicable statutory period without receiving appropriate overtime and/or spread-of-hours compensation, as required by the NYLL.

75.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely: whether Defendants are liable for failing to pay Plaintiff and other members of the putative class for all hours worked; for failing to pay Plaintiff and other members of the putative class time-and-a-half for hours worked each week in excess of 40; for failing to pay Plaintiff and other members of the putative class one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten; for failing to provide to Plaintiff and other members of the putative class, within ten business days of the commencement of their respective employments, a written notice containing the information enumerated in NYLL § 195(1)(a), in English and their primary languages; and for failing to provide to Plaintiff and other members of the putative class, with every payment of wages, accurate written statements containing the information required by NYLL § 195(3).

76.     This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiff was damaged by Defendants' common policies of failing to pay proper compensation

for all hours worked, and failing to provide timely and accurate notices and statements as required under NYLL §§ 195(1) and 195(3).

77.     Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

78.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

      a.   Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, significant savings would accrue to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

      b.   Because of the relatively small size of individual class members' claims, class treatment would provide economies of scale that will enable this case to be litigated on a cost-effective basis, when compared with repetitive individual litigation; and

      c.   No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

79.     Class certification is also fair and efficient because it avoids the risk, inherent in the prosecution of separate actions by individual class members, of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or may substantially impair or impede the ability of those other parties to protect their interests.

80.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYLL claims of a type that have often been prosecuted on a classwide basis, and the class may be easily identified, and any recovery may be easily provided to its members, using Defendants' records.

## COUNT I: INDIVIDUAL FLSA VIOLATIONS
### *29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*

81.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

82.     At all relevant times, Defendants together constituted a single integrated enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

83.     Alternatively, Defendants were associated and joint employers within the meaning of the FLSA.

84.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

85.     At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

86.     At all relevant times, Defendants have had employees who handled and/or used goods or materials that have been moved in or produced for commerce.

87.     29 U.S.C. § 207(a)(1) provides, in pertinent part, that

no employer shall employ any of his employees who in any workweek … is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed.

88.     Plaintiff generally worked over forty hours per week.

89.     Defendant failed to pay Plaintiff at one-and-one-half times his regular rate of pay for all hours he worked each week in excess of 40, as required under the FLSA.

90.     Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

91.     Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

92.     As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II: INDIVIDUAL NYLL VIOLATIONS
*NYCRR § 142-2.2 - Failure to Pay Overtime Wages*

93.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

94.     At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

95.     At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

96.     12 NYCRR § 142-2.2 provides that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA.

97.     Plaintiff worked over forty hours per week for virtually every week of his term of employment.

98.     Defendants failed to pay Plaintiff time-and-a-half for all hours worked each week in excess of 40, as required under the NYLL.

99.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

14

100.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

101.    As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYLL §§ 198(3), 663(3).

### COUNT III: INDIVIDUAL NYLL VIOLATIONS
*NYCRR § 142-2.4 - Failure to Pay Spread-of-Hours Compensation*

102.    Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

103.    At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

104.    At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

105.    12 NYCRR § 142-2.4 provides, in pertinent part, that

An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which … the spread of hours exceeds 10 hours ….

106.    12 NYCRR § 142-2.18 provides that "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty."

107.    Plaintiff frequently worked more than ten hours per day.

108.    Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten, as required under the NYLL.

109.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

110.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

111.    As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to NYLL §§ 198(3), 663(3).

## COUNT IV: INDIVIDUAL NYLL VIOLATIONS
*NYLL § 195(1)(a) - Failure to Provide Written Pay Notice*

112.    Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

113.    At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

114.    At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

115.    NYLL § 195(1)(a) provides that "Every employer shall":

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

16

116.   Defendants failed to *ever* provide Plaintiff a written notice, in English and in Spanish, containing the information enumerated in NY CLS Labor § 195(1)(a).

117.   A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

118.   Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

119.   As a result of the foregoing, Plaintiff is entitled to recovery of statutory penalties, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NYLL § 198(1-b).

## COUNT V: INDIVIDUAL NYLL VIOLATIONS
*NYLL § 195(3) - Failure to Provide Written Pay Statements*

120.   Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

121.   At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

122.   At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

123.   NY CLS Labor § 195(3) provides that "Every employer shall":

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

124.   Defendants failed to provide Plaintiff, with every payment of wages, accurate statements listing the information required under NYLL § 195(3).

125.    A six-year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

126.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

127.    As a result of the foregoing, Plaintiff is entitled to recovery of statutory penalties, prejudgment interest, costs, and reasonable attorney's fees pursuant to NYLL § 198(1-b).

### COUNT VI: COLLECTIVE FLSA VIOLATION
*29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*

128.    Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

129.    At all relevant times, Defendants together have constituted a single integrated enterprise that was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

130.    Alternatively, Defendants have been associated and joint employers of Plaintiff and members of the putative collective within the meaning of the FLSA.

131.    At all relevant times, Defendants employed Plaintiff and members of the putative collective within the meaning of the FLSA.

132.    Plaintiff and members of the putative collective were/are non-exempt employees within the meaning of the FLSA.

133.    Defendants failed to pay Plaintiff and the members of the putative collective time-and-a-half for all hours worked each week in excess of forty, as required under the FLSA.

134.    Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

135.     Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

136.     As a result of the foregoing, Plaintiff and members of the putative collective were illegally denied proper compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT VII: CLASS NYLL VIOLATIONS
*NYCRR § 142-2.2 - Failure to Pay Overtime Wages*
*NYCRR § 142-2.4 - Failure to Pay Spread-of-Hours Compensation*
*NYLL § 195(1)(a) - Failure to Provide Written Pay Notice*
*NYLL § 195(3) - Failure to Provide Written Pay Statements*

137.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

138.     At all relevant times, Defendants employed Plaintiff and members of the putative class within the meaning of the NYLL.

139.     Plaintiff and members of the putative class are non-exempt employees within the meaning of the NYLL.

140.     Defendants failed to pay Plaintiff and the members of the putative class time-and-a-half for all hours worked each week in excess of forty, as required under the NYLL.

141.     Defendants failed to pay Plaintiff and the members of the putative class one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten, as required under NYCRR § 146-1.6.

142.     Defendants failed to provide Plaintiff and all other similarly situated employees, within ten business days of the commencement of their respective employments, a written notice

containing the information enumerated in NYLL § 195(1)(a), in English and in their primary language(s).

143.    Defendants failed to provide to Plaintiff and all other similarly situated employees, with every payment of wages, written statements containing the information required by NYLL § 195(3).

144.    Defendants' conduct and/or practices, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

145.    A six-year statute of limitations applies to each such violation, pursuant to NYLL §§ 198(3), 663(3).

146.    As a result of the foregoing, Plaintiff and the members of the putative class were/are illegally denied proper compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, statutory penalties, and other compensation pursuant to NYLL §§ 198(3), 663(3).

## COUNT VIII: INDIVIDUAL COMMON-LAW VIOLATION
### *Unjust Enrichment*

147.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

148.    Plaintiff's last day of work for Defendant Carnegie Valet was on or about November 29, 2016.

149.    Plaintiff was not paid for his last ten days of work for Defendant Carnegie Valet.

150.    Through his work, Plaintiff conferred a benefit on Defendant Carnegie Valet.

151.    Plaintiff was not compensated for that benefit.

152.    Equity and good conscience now require restitution.

153.    As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amount as to be determined at trial, and is entitled to recovery of such total unpaid amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, and related regulations.

(B)    A declaratory judgment that Defendants' wage practices alleged herein violate the NYLL and the NYCRR.

(C)    An order requiring Defendants to end all of the practices alleged herein to be illegal under the FLSA, the NYLL, and related laws and regulations.

(D)    An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and all members of the putative collective and the putative class.

(E)    Judgment for damages for all unpaid compensation pursuant to 29 U.S.C. § 216(b).

(F)    Judgment for liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to all unpaid compensation owed to Plaintiff and all members of the putative collective during the applicable statutory period.

(G)    Judgment for any and all damages available to Plaintiff and all members of the putative class under the NYLL and NYCRR.

(H)    Judgment for liquidated damages in an amount equal to all unpaid compensation owed to Plaintiff and all members of the putative class during the applicable statutory period pursuant to the NYLL and NYCRR.

(I)    Judgment of $5,000 for Plaintiff and each member of the putative class, pursuant to NYLL § 198 1-b, for Defendants' willful and continuing violations of NYLL § 195(1) with respect to Plaintiff and each member of the putative class.

(J)    Judgment for each member of the putative class, in amounts to be determined at trial, for Defendants' willful and continuing violations of NYLL § 195(1) with respect to Plaintiff and each member of the putative class.

(K)    Judgment of $5,000 for each Plaintiff, pursuant to NYLL § 198 1-d, for Defendants' willful and continuing violation of NYLL § 195(3) with respect to Plaintiff and each member of the putative class.

(L)    An Incentive Award for Plaintiff.

(M)    Judgment for any and all other recovery to which Plaintiff and all members of the putative collective and the putative class may be entitled.

(N)     An order directing Defendants to pay Plaintiff and all members of the putative collective and the putative class prejudgment interest, reasonable attorney's fees and all costs connected with his action.

(O)     Such other and further relief as this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on

all questions of fact raised by the Complaint.

Dated: August 22, 2017                          Respectfully submitted,
Jersey City, New Jersey

                                                **JTB LAW GROUP, LLC**

                                                Patrick S. Almonrode (PA0428)
                                                *patalmonrode@jtblawgroup.com*
                                                Jason T. Brown (JB6579)
                                                *jtb@jtblawgroup.com*
                                                155 2nd Street, Suite 4
                                                Jersey City, NJ 07302
                                                (877) 561-0000 (office)
                                                (855) 582-5297 (fax)

                                                *Attorneys for Plaintiff Juan Diaz*